UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY PHOMMATHEP, et al., | No. 2:18-cv-02916-KJM-DMC |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF TEHAMA, et al., | |
| Defendants. | |

Plaintiffs request the court permanently seal the entirety of their complaint because they "inadvertently omitted redacting the names and/or birthdates of the two minors on Page 10 in the Complaint . . . ." Request., ECF No. 5. As explained below, plaintiffs may file a redacted version of the complaint, but the court DENIES plaintiffs' request to seal the complaint in its entirety.

"Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's . . . birth date, [or] the name of an individual known to be a minor, . . . a party or nonparty making the filing may include only . . . (2) the year of the individual's birth; [and] (3) the minor's initials." Fed. R. Civ. P. 5.2(a)(2)-(3); *see* E.D. Cal. L.R. 140(a) (providing parties should "partially redact" minors' names, providing only initials, and dates of birth, providing only the birth year). But "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978) (footnotes omitted); *Kamakana v.*

*City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point.") (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Here, plaintiffs have identified an adequate basis for further redacting the minors' names and month and day of their birthdates, but have provided no basis for permanently sealing the complaint in its entirety. *See* Fed. R. Civ. P. 5.2(a)(2)-(3); E.D. Cal. L.R. 140(b). As the proponents of sealing, plaintiffs are obligated to "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." E.D. Cal. L.R. 141(a). But plaintiffs do not explain why minimal redactions in compliance with Federal Rule of Civil Procedure 5.2(a) and Local Rule 140(a) will not sufficiently protect the minors' privacy rights. *See* Request at 2 (explaining only that the minors' names and birthdates were not redacted on page 10 of the complaint and referring to reasons "set forth more fully in" a document "filed concurrently herewith," though no such document was filed); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) ("[A] court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture" and finds this reason outweighs the public's interest and the presumption of public access) (quoting *Kamakana*, 447 F.3d at 1179).

Accordingly, the court ORDERS:

(1) Plaintiffs' request to permanently seal the complaint is DENIED without prejudice;

(2) Plaintiffs may file a properly redacted version of their complaint; and

(3) Upon receipt of plaintiffs' properly redacted complaint, the clerk of the court shall seal the improperly redacted complaint at ECF No. 1 and replace it with the properly redacted version provided by plaintiffs.

DATED: November 21, 2018.

_____
UNITED STATES DISTRICT JUDGE